WATSON, Appellant, v. WATSON *et al.*, Respondents.

1. To entitle a widow to dower under the first section of the dower act (R. C. 1855, p. 668), it is not necessary that she should elect so to take. No election to take dower under the first section of the act can, as an election, take away her right to elect to be endowed under the eleventh section of said act. To overthrow this right, there must be a binding contract or such facts and circumstances as will work an estoppel *in pais*.
2. The institution of a suit by a widow to recover dower according to the first section of the dower act, and the declaration in the petition in such suit, which is signed and sworn to by her, that she thereby elects to take as her dower the third part of the lands of the deceased husband, will not take away her right to elect, within eighteen months after the grant of letters testamentary or of administration, to take dower under the eleventh section of said dower act.

*Appeal from St. Louis Land Court.*

*Meany*, for appellant.

I. The plaintiff was not estopped.

*Gantt,* for respondents.

The widow, in the most solemn and authentic manner, elected to have dower according to the provisions of the first section. She has no claim to the benefit of the eleventh section. She can not allege ignorance of law. She made her election between the provisions of the first and eleventh sections. No notice is required to be given to the widow to put her upon her election. She was *sui juris,* free from all disability. There is no limit whatever to the modes in which she may renounce the benefits of section eleven — express renunciation, nonclaim, and direct declaration of preference for and demand to have the alternative. An election can be exercised only once. When the party has chosen, his right is exhausted. (Bouvier, Law Dic. tit. Election; Co. Litt. 146, 136.)

SCOTT, Judge, delivered the opinion of the court.

On the 26th day of June, 1856, letters of administration on the estate of Ringrose J. Watson were issued. On the 18th September, 1857, Frances Watson his widow, under the eleventh section of the act concerning dower, approved November 29, 1855, elected to take a child's part of the real estate, whereof her husband died seized or possessed, in lieu of the dower or provision made for widows by the first section of that act. This election was made in conformity to the requirements of the statute. Prior, however, to its being made, the widow had brought suit to recover her dower, in which she claimed it under the first section of the foregoing recited act. Her petition set out, among other matters, that " she was entitled to her dower interest, as widow, in said tracts of land; said dower interest being an undivided one-third interest therein for the term of her natural life, the same being the kind of dower which she hereby elects to take in the land." This suit was brought to the March term, 1857; and afterwards, she having in the mean time made the election above mentioned under the eleventh section of the

act concerning dower, the plaintiff, at the October term, 1857, filed an amended petition in which she claimed dower according to said election, alleging that at the time of filing her original petition she was ignorant of her true rights and interests in the premises, and had been misinformed as to them by an attorney at law whom she consulted. The defence was that the widow was concluded by the election she had made in her original petition, and that a subsequent election was of no effect, she having already made one. Of this opinion was the court, and gave judgment accordingly.

We do not well see on what principle the judgment in this case is based. It is obvious that, after an intelligent and free election has been made in pursuance to the forms of law, a widow will be bound by it, and will not be permitted to make another; but, in order to constitute an election, it must be made substantially in the manner prescribed by law. If it is not made in the way required, it is no election. If the widow intended to take under the first section of the act concerning dower, no election was necessary. In the absence of an election to take under the eleventh section of the act, the law determined what her dower should be independently of any election. An election to take under the first section amounted to nothing. It would not prevent her taking afterwards under the eleventh section. If a widow should declare that she would have no dower, that her choice was to take none, would such a declaration prevent her afterwards recovering her dower? If she should renounce in the most solemn form the provision made for her by the eleventh section, though not in the manner required by law, what would prevent her afterwards, within the fifteen months, from electing to take it? Nothing but a binding contract or an estoppel *in pais* could restrain her from making her claim. The law allowed the widow fifteen months, during which she might choose whether she would take dower under the eleventh section. If she intended to take under the first section, no election being necessary to obtain that, it is obvious that any declarations she might make, how solemn soever

they might be, that she would take under the first section, would not prevent her claiming her dower under the eleventh section, if an election to do so was made within the fifteen months allowed for that purpose. The declarations, in order to have that effect, must have been such as would constitute an estoppel *in pais.* It is not necessary to determine what would have [been] the effect of a judgment in a suit for dower under the first section.

But take the law as the defendants suppose it is, that an election to take under the first section of the act concludes the dowress, and that she will not be permitted to take afterwards any other dower, yet is there here any election made in conformity to the statute? The eleventh section of the dower act provides that when the husband shall die leaving a child or children or other descendants, the widow may, in lieu of dower of one-third part of all lands whereof her husband died or shall die seized of an estate of inheritance, to hold and enjoy during her natural life, elect to be endowed absolutely in a share of such lands equal to a share of a child of such deceased husband. The twelfth section of the act provides that such election shall be made by declaration in writing, acknowledged before some officer authorized to take the acknowledgment of deeds, and filed for record in the office of the recorder of the county in which letters testamentary or of administration shall be granted, within fifteen months after the grant of the same; otherwise she shall be endowed under the provisions of the preceding sections of this act. In a previous case during the present term, it was held that an election under the statute, in order to be binding, must conform to the substantial requirements of the law. (Welch et al. v. Anderson et al. 28 Mo. 293.) A petition filed in the land court in an action at law, though subscribed and sworn to, is a thing so different from an instrument to be executed, acknowledged and filed for record in the recorder's office like a deed, that it can scarcely be necessary to make observations pointing out their dissimilarity.

We can not see any show of resemblance between them, nor any ground whatever for maintaining that it is such an election as is contemplated by law. Reversed and remanded.