# Crenshaw v. Carpenter, Ex'r.

## Bill in Equity for Dower.

1. *Right of widow to dissent from will of deceased husband strictly personal.*—The statute authorizing the widow to dissent from the will of her deceased husband, and in lieu of the provisions thereby made for her, to take her dower in his lands, and her distributive share in his personal estate (Code, § 2293), confers on the widow a strictly personal right, which can not be exercised by another.

2. *Right to dissent can not be exercised for insane widow by next friend.* A widow who is insane, is mentally incapable of entering such dissent; and a dissent entered for her by another, as her next friend, is without authority of law, and invalid.

3. *Same; whether chancery court has power to exercise the right for her—quære.*—Whether the chancery court, on a bill filed within proper time, has the power to dissent, on behalf of a widow who is insane, from the will of her deceased husband,—*quære.*

APPEAL from Greene Chancery Court.

Heard before Hon. THOMAS COBBS.

The bill in this cause was filed on 26th January, 1881, by Amanda Crenshaw, suing by her next friend, against John N. Carpenter, as the executor of the last will and testament of Willis Crenshaw, deceased, and others, seeking to have dower allotted to her in the lands of which said testator, who was her husband, died seized and possessed, in 1862, and which were afterwards sold by the executor for the payment of debts. It is shown by the bill that the complainant was, at the time of her husband's death, and has been continuously since that time, a lunatic, confined in the insane asylum at Columbia, South Carolina. It also averred that, on the 15th May, 1866, she, by her next friend, filed in writing in the Probate Court of Greene county, in which the will was admitted to probate, her dissent

[Crenshaw v. Carpenter, Ex'r.]

from the will of her deceased husband, she electing to take dower and her distributive share in his estate, in lieu of the provision made for her in the will. The defendants demurred to the bill on the ground, in substance, among others, that the bill does not show such a dissent from her husband's will as is required by the statute. The chancellor caused a decree to be entered sustaining the demurrer, and that decree is here assigned as error.

J. B. HEAD, for appellant.—(1). Courts of equity have peculiar and special jurisdiction and care of infants and insane persons, and will not only act for them, but, in many cases, will consider that to have been done, which their interest demanded should be done. This is peculiarly so, when questions involving an election between inconsistent rights arise. Dissent by the widow from her husband's will is strictly of this class. See *McLeod v. McDaniel*, 6 Ala. 242; *Addison v. Bowie*, 2 Bland Ch. (Md.) 606; *Goodwyn v. Goodwyn*, 1 Ves. Sr. 226; Story's Eq. § 1098; 1 Leading Eq. Cases, 303; 2 Ves. Jr. 560; 3 *Ib.* 386; 9 *Ib.* 350; *Morrow v. Morrow*, 3 Tenn. Ch. 532. (2). The dissent filed by Mrs. Crenshaw, by her next friend, was a compliance with the law. It is not denied that it was filed in time. See Ordinance of Convention, Rev. Code, p. 63. The filing of a dissent is a *suit*. It is the preliminary step to, and forms a part, an indispensable part, of a suit for dower and her distributive share, where there is a will making provision for the widow.—2 Bouv. p. 567–8. § 2292 of the Code comprehends *all* widows, whether *sui juris* or not. The right to dissent and sue for dower is conferred upon an insane, as well as a sane widow. The dissent of an insane widow, being a suit, may and must be made by her next friend.—Code of 1876, §§ 2894–5 and 3756. This court has declared that rights purely personal in their nature may be enforced by persons *non sui juris*. See *Campbell v. Campbell*, 39 Ala. 312; *Blackman v. Davis*, 42 Ala. 184.

WM. P. WEBB, *contra.*—The right of the widow to dissent from the will of her deceased husband, is personal, and can not be exercised for her by another person. The statute contains no exceptions in favor of insane widows; and, therefore, insanity is no excuse for a failure to file the dissent in person, and in the time and mode prescribed by the statute.—2 Scribner on Dower, p. 469 and cases cited; *Collins v. Carman*, 5 Md. 503; *Shaw v. Shaw*, 2 Dana (Ky.), 341; *Lewis v. Lewis*, 7 Ir. Law (N. C.), 72; *Hinton v. Hinton*, 6 *Ib.* 224; 42 Ala. 29 and cases cited.

SOMERVILLE, J.—The widow of a deceased husband is

authorized by our statutes, in all cases, to dissent from his will, and, in lieu of the provision made for her by such will, to take her dower in the lands, and such portion of the personal estate as she would have been entitled to in case of the husband's intestacy.—Code, 1876, § 2292. "Such dissent must be made in writing, and deposited *within one year* from the probate of the will with the judge of probate of the county in which the will is probated, and an entry made of record specifying the day on which the dissent was made.—Code, § 22:3.

The question presented by the record is, whether the court can create a saving or exception in the statute, in favor of an insane widow, confined in a lunatic asylum of a distant State, where the legislature has failed to make such exception.

Whatever may be said favorable to the justice and humanity of such a provision, the rules of sound construction and the weight of authority are both opposed to the affirmative of the proposition.    The subject is fully discussed in Scribner on Dower, and the following principle is deduced as the result of the adjudged cases :

"Except where otherwise provided by law, the statutory right of election conferred upon the widow in cases of the character now under consideration, is regarded as a strictly personal right, and can not be exercised by another person in her behalf.

"In the application of this rule, it has been held, that the incapacity of the widow to elect by reason of *insanity*, furnishes no sufficient cause for its relaxation."—2 Scribner on Dower, 469, 471.

The language of the statute, as observed by the Supreme Court of Maryland in a similar case, "is comprehensive enough to include every widow, whether sane or insane, and the act [statute] having no exception in favor of the latter, the courts can make none, whether they be courts of law or equity. . . . . Where the law directs an act to be done, or a condition to be performed for the purpose of conferring a right, that right can not be acquired if the act is left undone, or the condition is not performed."—*Collins v. Carman*, 5 Md. 503.

In *Lewis v. Lewis*, 7 Ired. (Law), 72, a testator died making no provision by his will for his wife who was a lunatic, and it was decided that the committee having charge of her had no authority by law to enter a dissent in her behalf, and she could not by reason of her want of reason dissent herself.    So, in *Hinton, v. Hinton*, 6 Ired. (Law) 274, it was held, that a widow could not renounce her husband's will by attorney, in view of the statutory requirement that she must do so in "open court."

That the right of dissent in such cases is a personal one, capable of being exercised only by one possessing the requisite reason and judgment, seems fully sustained by authority.—2

[Wimbish v. Montgomery Mutual Building & Loan Association.]

Scribner on Dower, 471; 2 Redf. on Wills, 367; *Donald v. Portis*, 42 Ala. 29; *Welch v. Anderson*, 28 Mo. 293. The legislature nowhere expressly confers on the courts the power to make such election for her in case of her disability to do so, but seems to have remitted the misfortunes of her condition to the presumed humanity of her husband, whose highest duty is to provide for her in a manner commensurate with her wants and his own financial ability.

And the courts possess just as little power to create a saving or exception, taking *insane* persons out of the operation of the statute. It is enough to say, that the General Assembly has made no such exception and we have no such power. The fact that lunatics are excepted from the operation of the statute of limitations in certain cases, and to a certain extent, is persuasive of the view that the failure to make a like exception here is not entirely unmeaning.—Code, 1876, § 3236; *Demarest v. Wynkoop*, 3 John. Ch. Rep. 138; *Collins v. Carman*, 5 Md. 503, 517; *Yniestra v. Tarleton*, 67 Ala. 128.

The will of the deceased husband, in this case, was probated in September, 1862. At the time of his death the widow was insane, and has continued to be so ever since. Her condition, mental and physical, was such that she was incapable of entering such a dissent from the will as the statute requires, and no one is authorized by law to act in her behalf. The chancellor so ruled, in effect, by sustaining the demurrer and dismissing the bill, and we see no error in his rulings. If the case be one strongly appealing for a remedy, it must be afforded by the legislative department, as has been done in many of our sister States. The courts are powerless to enact laws. They can only enforce them as they are already enacted.

Whether the Chancery Court, on a bill filed within proper time, possesses the power to make an election for an insane widow in cases like this, we do not now decide.

