PENHALLOW *v.* KIMBALL *& a., Ex'rs.*

The statutory right of a widow to waive the provisions of her husband's will and take under the statute is personal, and cannot be exercised by her representatives.

If she is incapable of choosing, the election may be made by the court.

In making such election, the court is guided by considerations for her benefit, without regard to what the advantage may be to her heirs.

BILL IN EQUITY, filed March 2, 1882. Facts agreed. Frances M. Penhallow, the plaintiff, who brings this bill by James T. Drown, her guardian, is the widow of Oliver W. Penhallow, deceased. The defendants are the executors of the will of Harriet L. Penhallow, deceased, who was the only child of Oliver W. by a former wife. Oliver W. died testate in July, 1873, leaving real and personal estate.

The plaintiff is now about sixty-eight years of age, and the annual expense of supporting and caring for her is about the sum of five hundred dollars. Harriet L. Penhallow was appointed her guardian, June 15, 1877, on the ground that the plaintiff was insane, and continued to act in that capacity until her decease. For the purposes of this case it is agreed that the plaintiff was, at the time of her husband's death, and ever since has been, of unsound mind, and wholly incapable of exercising the discretion necessary to enable her to waive the provisions of his will made in her behalf.

The plaintiff claims that this court, acting for her, has jurisdiction to waive the provisions made for her in her husband's will, and to elect to take for her the distributive share of his estate allowed by law, and to require the defendants to file an inventory of his estate.

*Marston & Eastman ( C. Page* with them), for the plaintiff, cited Laws of 1872, *c.* 41, *s.* 1; G. S., *c.* 183, *s.* 12; G. L., *c.* 209; *ib., c.* 189, *ss.* 2, 3; *Ashby* v. *Palmer*, 1 Mer. 296; 1 Lead Cas. Eq., 303, 321, 607, *n.* 617; *Kennedy* v. *Johnston*, 65 Pa. St. 451; *Lewis* v. *Lewis*, 7 Ired. 72; 1 Sto. Eq. Jur., *s.* 227; 2 *ib., ss.* 1075–1077,

1335, 1362–1365; 2 Spence Eq. Jur. 587; 1 *ib.* 618; 3 Bacon
Abr. (6th ed.) 529; 1 Bl. Com. 305; 2 Fonbl. Eq. 329; *Crozier's
Appeal,* 90 Pa. St. 384; *Wright* v. *West,* 2 Lea 78.

*J. S. H. Frink (J. Hatch* with him) for the defendants, cited
G. L., c. 193, s. 13; *Pinkerton* v. *Sargent,* 102 Mass. 568; *Welch*
v. *Anderson,* 28 Mo. 293; *Kennedy* v. *Johnston,* 65 Pa. St. 451;
*Brown* v. *Brown,* 55 N. H. 107; *Sherman* v. *Newton,* 6 Gray 307;
*Crozier's Appeal,* 90 Pa. St. 384.

SMITH, J. Upon the death of Oliver W. Penhallow, in 1873,
the plaintiff, as his widow, had her election to accept the provisions
made for her in his will, or, waiving such provisions, to take her
distributive share in his estate. No laches can be imputed to her
on account of the delay in filing this bill, for she has been incapa-
ble of making an election since the decease of her husband by rea-
son of her mental condition. The prayer of the bill is, that the
court will elect for her to take her distributive share in the estate
of her husband.

At common law it has always been held that a lunatic cannot
elect. *Ashby* v. *Palmer,* 1 Mer. 296; *In re Wharton,* 5 De G.
M. & G. 33. Nor can an infant. *Carr* v. *Ellison,* 2 Bro. Ch. 56;
*Van* v. *Barnett,* 19 Ves. 102; *Burr* v. *Sim,* 1 Whart. 252, 265.
Nor a married woman. 1 W. & T. Lead. Cas. Eq. 272, and author-
ities cited in note. See, also, note to *Lady Cavan* v. *Pulteney,* 2
Ves. Jr. 544 (Sumner's ed.). The right of election is personal,
and can be exercised only by the person entitled to elect, or in
case of incapacity, by a court of chancery acting for him. *Merrill*
v. *Emery,* 10 Pick. 507; *Sherman* v. *Newton,* 6 Gray 307; *Ather-
ton* v. *Corliss,* 101 Mass. 40; *Crozier's Appeal,* 90 Pa. St. 384;
*Wright* v. *West,* 2 Lea 78; *Kennedy* v. *Johnston,* 65 Pa. St. 451;
*Welch* v. *Anderson,* 28 Mo. 293; *Hamilton* v. *O'Neil,* 9 Mo. 11;
*Boone* v. *Boone,* 3 H. & McH. 95; *Collins* v. *Carman,* 5 Md. 503;
*Heavenridge* v. *Nelson,* 56 Ind. 90; *Lewis* v. *Lewis,* 7 Ired. 72;
*Andrews* v. *Hall,* 15 Ala. 85, 90; 1 Washb. Real Prop. 272.

A husband's right to dispose of his estate by will is limited by
his widow's right to waive any provision in her behalf, and to take
under the statute. The right to elect to take under the will or
under the statute is given to her, and not to those who may inherit
from her. G. L., c. 202, ss. 7–10. The right does not pass to
her representatives at her decease. It is not necessarily a question
of mere pecuniary advantage. Her knowledge of the family ar-
rangements and of the motives and wishes of her husband, and
other considerations better known and appreciated by her, may
have weight and influence with her in determining her election.
*Pinkerton* v. *Sargent,* 102 Mass. 568. In that case the widow was
insane. A waiver of the provisions of her husband's will signed
by herself, also a waiver signed by her guardian, were seasonably

filed. The privilege of waiver was held to be a personal right which cannot be exercised by the widow if insane, nor by her guardian in her behalf. See, also, *Lewis* v. *Lewis*, 7 Ired. 72. In *Kennedy* v. *Johnston*, 65 Pa. St. 451, the court say,—"The election of one of two things, when only one can be chosen for the lunatic, is undoubtedly a judicial not a ministerial act, and belongs to the court and not to the committee. The act of election settles the title, and makes that absolute which was before uncertain and optional. Where the title may attach to either of two subjects of property by election, it requires a comparison of benefits and a choice to settle the title upon one of them absolutely. This the committee undoubtedly cannot do from the provision of a mere power of management, for that implies a title already to the thing to be managed, and for the same reason the power to elect does not flow from a power to sue for and recover the property of a lunatic. It also implies a preëxisting title in the lunatic; while the election is required to be made before title absolutely accrues. It was therefore not in the power of the committee of his own motion to relinquish the provision made for the wife in the will of her husband, and cast himself upon the dower. It was his duty to apply to the court of common pleas having jurisdiction over the person and estate of the lunatic for leave to elect the dower, which the court would grant only on due consideration of the advantages and disadvantages of the choice." See, also, *Wright* v. *West*, 2 Lea 78; *Turner* v. *Street*, 2 Rand. 404; *Ebrington* v. *Ebrington*, 5 Mad. 77; *Gretton* v. *Haward*, 1 Swanst. 413. In *Crenshaw* v. *Carpenter*, 69 Ala. 572, the question whether the chancery court possesses the power to make an election for an insane widow was left undecided. See, also, authorities cited in 2 Sto. Eq. Jur. (13th ed.), *s.* 1097, note (*b*), concerning election by persons under disability.

In England the court of chancery has the care of the persons and estates of idiots and lunatics, and in cases of election the jurisdiction is generally exercised by that court. 2 Maddock Ch. 48–60; 2 Sto. Eq. Jur., *ss.* 1075–1085, 1097, 1098, 1362–1365; *Cauffman* v. *Cauffman*, 17 S. & R. 16, 24–26; *Kennedy* v. *Johnston*, 65 Pa. St. 451. When necessary the matter is referred to a master to inquire what will be most beneficial to the lunatic. The practice as to infants is the same; also as to married women in jurisdictions where their common-law disabilities have not been removed. *Streatfield* v. *Streatfield*, reported *cas. temp.* Talb. 176 (1 W. & T. Lead Cas. Eq. 273);—see, also, *Chetwynd* v. *Fleetwood*, 1 Bro. P. C. 300; *Ashburnham* v. *Ashburnham*, 13 Jur. 1111; *Gretton* v. *Haward*, 1 Swanst. 409, 413; 1 W. & T. Lead. Cas. Eq. (Hare & Wallace's notes) 420; *Addison* v. *Bowie*, 2 Bland 606, 623; *McQueen* v. *McQueen*, 2 Jones Eq. 16.

Equity as a branch of the law has always existed as a part of the common-law, in its broadest sense, in New Hampshire. *Wells* v.

*Pierce*, 27 N. H. 503, 512; *Walker* v. *Cheever*, 35 N. H. 339; *Ela* v. *Pennock*, 38 N. H. 154, 159; *Copp* v. *Henniker*, 55 N. H. 179, 211; *Truesdale* v. *Straw*, 58 N. H. 208, 222. This court having "the powers of a court of equity in cases cognizable in such a court" (G. L., c. 209, s. 1), and having the same protective jurisdiction over the persons and property of lunatics as the English court of chancery, may elect for the lunatic where the lunatic has the right of election. It has the power, and it is its duty, to protect those who have no other lawful protector. In making such election the court is guided by considerations for the benefit of the lunatic, without regard to what the advantage may be to his heirs.

If, in this case, it is found that the effect of an election to waive the provisions of the will will be to divert property from the channel in which the testator intended it to go, and if the diversion is not required by the wants and circumstances of the widow, the prayer of the bill cannot be granted. The case will be heard at the trial term.

*Case discharged.*

CARPENTER, J., did not sit: the others concurred.