Strafford,  ⎰
June, 1898. ⎱

HAYES, *Ex'r*, *Ap't*, v. SEAVEY, *Ex'r*.

The husband's statutory right to a distributive share in his wife's estate vests upon her death in case she dies intestate or no provision is made for him by her will.

PROBATE APPEAL. Deborah T. H. Seavey died October 10, 1895, without issue. Her will made no mention of or provision for her husband, Jonathan T. Seavey. He died October 16, 1896, without having made any opposition to her will and without assertion of any claim to any portion of her estate. The probate court decreed one half of her personal estate to Arthur J. Seavey, as executor of Jonathan T. Seavey. The court, subject to exception, dismissed the appeal of Justin G. Hayes, executor of Deborah's will, and affirmed the decree of the probate court.

*Frank F. Fernald*, for the plaintiff.

*Felker & Gunnison*, for the defendant.

PARSONS, J. "At common law marriage was regarded as an absolute gift to the husband of the personal chattels of the wife in possession, but her choses in action did not vest absolutely in him, though he had the marital right to make them his by reducing them into possession. If he did not choose to do so, they remained the property of the wife, and the husband had no interest that could be reached by his creditors (*Marston* v. *Carter*, 12 N. H. 159; *Wheeler* v. *Moore & Tr.*, 13 N. H. 478; *Coffin* v. *Morrill*, 22 N. H. 359); and on the death of the husband, living the wife, they survived to her. If, on the other hand, the husband survived the wife, he became entitled absolutely to her choses in action, although not reduced to possession, and was also entitled to administration on her estate, and

to recover such choses in action to his own use, subject only to the payment of her debts. If administration was taken by another and such choses in action recovered by him, he would hold them, after payment of the wife's debts, in trust for the husband or his representatives. *Squib* v. *Wyn*, 1 P. Wms. 381; *Elliott* v. *Collier*, 3 Atk. 526; *Whittaker* v. *Whittaker*, 6 Johns. 117. . . . If the husband dies before he administers, the right to administer and to the property goes to his heirs. *Judge of Probate* v. *Chamberlain*, 3 N. H. 129; *Weeks* v. *Jewett*, 45 N. H. 450." *Atherton* v. *McQuesten*, 46 N. H. 205, 210, 211.

The husband's absolute right to the personal estate of his wife has been destroyed by legislation which renders her title to her personal estate during her life entirely unaffected by the marriage relation, but gives to her surviving husband the same right in her personal estate which she has in his. Laws 1846, *c.* 327; 1860, *c.* 2342; 1865, *c.* 4080; G. S., *c.* 164; G. L., *cc.* 183, 202; P. S., *cc.* 176, 186, *s.* 1, 195; *Seaver* v. *Adams*, 66 N. H. 142, 143, and authorities cited; *Cressey* v. *Wallace*, 66 N. H. 566, 567.

The husband's power of testamentary disposition being limited by his wife's statutory rights in his property upon his decease (*Hall* v. *Smith*, 59 N. H. 315), in conferring like authority upon her to dispose of her estate care was taken, until the Public Statutes, expressly to provide as to her will that "no such will shall impair the rights of the husband in such estate, or his rights to a distributive share thereof." G. L., *c.* 183, *s.* 11; G. S., *c.* 164, *s.* 12; Laws 1865, *c.* 4080, *s.* 2; 1860, *c.* 2342, *s.* 3; 1845, *c.* 236, *s.* 1. The omission from the Public Statutes of *s.* 11, *c.* 183 of the General Laws, conferring with this proviso testamentary power upon married women, and the addition instead thereof of the clause, "'Every person' shall be construed to include a married woman," to *s.* 1, *c.* 186, P. S., does not alter the law. The latter section is the general provision authorizing every person of the age of twenty-one years and of sane mind to dispose of property by will. The inclusion by legislative enactment of a married woman within the term "Every person," contrary to previous adjudication (*Wakefield* v. *Phelps*, 37 N. H. 295, 300), does not confer upon her a testamentary power more extensive than her husband has from his inclusion within the same term. The testamentary power of each is subject to the limitations imposed on each by the marital relation.

As the husband takes instead of the whole of his wife's personal estate, by a title which passed to his heirs and under which the same could be recovered by his administrator (authorities, *supra*), in addition to his rights as tenant by the curtesy, if any, "the same share of his deceased wife's estate as she would receive from his estate in a like case were he dead and she liv-

ing" (G. S., c. 164, s. 4), he necessarily takes his distributive share under the same title. A widow's right to a distributive share in her husband's estate "is a vested right of property which she takes by a title as high as that of a child or other next of kin; and it goes to her personal representative. *Foster* v. *Fifield*, 20 Pick. 67." *Adams* v. *Adams*, 10 Met. 170; *Judge of Probate* v. *Robbins*, 5 N. H. 246. The husband's right to a distributive share in his wife's estate upon her decease, vests upon her decease in case she dies intestate, or in case she dies testate and no provision is made for him in her will. G. L., c. 202, s. 15. The condensation of this paragraph in P. S., c. 195, s. 12, was not intended to and does not alter the law. In the present case Mrs. Seavey's will contained no provision in favor of her husband, and his right to a distributive share in her estate vested upon her death without any waiver by him, and consequently can be recovered by his executor. No question as to the exercise of the husband's right to waive the provisions of his wife's will in his favor arises, because the will contains no provision for him. His right to a distributive share is fixed, not by his waiver, but by the fact that the will contains nothing to be waived.

Whether, as at common law, a husband might now be bound by his assent to his wife's will disposing of all her personal estate (*Reed* v. *Blaisdell*, 16 N. H. 194; *Cutter* v. *Butler*, 25 N. H. 343, 357; *Shute* v. *Sargent*, 67 N. H. 305, 307), need not be considered, for nothing appears from which such assent could be found. That the will contained no provision for him would be no reason for objection by him to its probate, because his rights are secured under the statute. His failure to make a useless and necessarily ineffectual objection to the probate of the will, or to claim his distributive share before he was entitled to it, are not evidence of an entire abandonment of his rights.

*Exception overruled.*

WALLACE, J., did not sit: the others concurred.