Carroll,  }
Dec. 5, 1911. }

## HORNER & a. v. REYNOLDS & a.

The right of waiver or release given to a surviving husband by section 13, chapter 195, Public Statutes, is personal to him, does not pass to his representatives, and to be effectual must be exercised with strict regard to the formalities prescribed by statute.

A husband is entitled to share in his deceased wife's estate under section 4, chapter 113, Laws 1901, only when he has expressly waived his rights of curtesy and homestead in the manner prescribed by statute; and the absence of such waiver cannot be supplied by evidence of the husband's intention to file it or its advantage to him.

A surviving husband's deed of real estate owned in common with his wife is effectual against his heirs to the extent of his interest, and is valid against his tenants in common on partition so far as the land conveyed, or some portion of it, is not equitably required to give them their just share.

PETITION FOR PARTITION. Facts found, and case transferred from the November term, 1910, of the superior court, by *Wallace*, C. J.

The plaintiffs are the heirs of Ellen J. Canney; the defendants are the heirs of her husband, Wesley. Ellen and Wesley owned in common in equal shares the land of which partition is asked, the value of the whole being less than $1,500. Ellen died February 26, 1909, intestate. Wesley died June 19, 1909. Neither ever had issue. There was no administration on Ellen's estate. She left no debts unless her funeral expenses, which were paid by Wesley, were claims against her estate. Wesley had a homestead in his wife's real estate, which he did not release. After his wife's death he was in possession of and claimed to own the whole tract in fee, and conveyed a portion thereof to Josephine A. Shute, one of the defendants, by warranty deed dated May 3, 1909.

*Sewall W. Abbott* (*Oscar L. Young* with him on the brief), for the plaintiffs.

*Leslie P. Snow*, for the defendants.

PARSONS, C. J. "The husband of a person deceased, testate or intestate, by waiving the provisions of her will in his favor, if any, and by releasing his estate by the curtesy and his homestead right, if any, shall be entitled instead thereof to the following portion of

all the real estate of which she died seized, after the payment of debts and expenses of administration: . . . III. One half thereof, to hold in fee, if she leaves no issue whatever surviving her." P. S., c. 195, s. 13. The right of waiver or release given by this statute is personal and does not pass to the representatives of the party entitled. *Penhallow* v. *Kimball*, 61 N. H. 596. To be effectual, the waiver or release must be in writing and filed in the probate office within one year after the death of the testatrix or intestate, and cannot be filed afterward except upon permission of the judge of probate for good cause shown. The waiver is also to be recorded in the registry of deeds. P. S., c. 195, s. 14. No release of the right of homestead which the case finds he had in his wife's real estate was recorded, filed, or made by Wesley Canney, and it appears to be conceded that under the foregoing statute he took his homestead right (*Nute* v. *York*, 66 N. H. 541), which expired at his decease. P. S., c. 138, s. 2.

In 1901, section 13, chapter 195, Public Statutes, was amended by adding to the clause numbered III the following: "Provided, however, that if such remaining portion does not exceed in value the sum of fifteen hundred dollars, then he shall be entitled to the whole thereof; but if such remaining portion shall exceed in value the sum of fifteen hundred dollars, but does not exceed the sum of three thousand dollars, he shall be entitled to the sum of fifteen hundred dollars of the value thereof, and the same shall be assigned to him by the probate court in the same manner as dower is now assigned to a widow." Laws 1901, c. 113, s. 4. The first clause, declaring the conditions upon which the husband should be entitled to one half of the wife's real estate in fee, was at the same time re-enacted.

It is obvious that the amendment does not come into effect except upon the existence of circumstances under which the husband is entitled to one half the estate in fee. When that appears, the value of the estate may be so inconsiderable as to give him more than the fractional share to which he would otherwise be entitled. The right to the whole estate in fee is not necessarily superior to the homestead right, because the portion given in fee is only that remaining after the payment of debts and expenses of administration, while the right of homestead would take precedence of the claims of creditors. Until he died not having released it, the husband had a right enforceable against creditors if any should appear. The statute having made his right in fee dependent upon an express waiver filed in the pro-

bate court, which should subject the estate to such claims, the absence of such waiver cannot be supplied by evidence tending to show his intention to file such waiver or its advantage to him.

Wesley Canney owned undivided one half the estate. His deed in fee of a portion to Josephine Shute is good against his other heirs to the extent of his interest. P. S., c. 137, s. 18. His deed is also valid against his tenants in common upon partition, so far as the land conveyed or some portion of it is not equitably required to give them their just share in the whole. *Holbrook* v. *Bowman*, 62 N. H. 313, 321; *Pickering* v. *Moore*, 67 N. H. 533, 536; *Clark* v. *Parsons*, 69 N. H. 147, 157.

*Case discharged.*

All concurred.