Hillsborough,
Feb. 4, 1930.

JOSEPH MCDONOUGH, *Ex'r*, *v*. KATHRYN P. HASKELL, *Ex'x*.

*James A. Broderick* (by brief and orally), for the plaintiff.

*Tuttle, Wyman & Starr* and *Robert P. Booth* (*Mr. Booth* orally), for the defendant.

PEASLEE, C. J. The plaintiff's decedent, the widow of the defendant's decedent, released her rights of dower and homestead in his estate for the declared purpose of taking the distributive share described in the statute. P. L., *c*. 306, *s*. 11.

The husband left a will, in which there was the following clause: "I give, bequeath and devise, unto my wife such part of my estate as she may be legally entitled to under the laws of descent and distribution of the State of New Hampshire." It is claimed that this was a provision "of his will in her favor" (P. L., *c*. 306, *s*. 11), which must be waived by her before she could take under the statute.

If there is no gift by will, there is no occasion to file a waiver. That which does not exist need not be waived. *Hayes* v. *Seavey*, 69 N. H.

308. A provision like the one above quoted is not in any fair sense one in favor of the widow. It evidences a purpose not to give her anything; and merely recognizes that the law gives her certain rights over which the testator has no control.

The statute was not designed to require the filing of a waiver in such a case. The object of a provision for a waiver is to evidence an election between two rights. *Penhallow* v. *Kimball*, 61 N. H. 596. The absence of a waiver of the provisions of the will in this instance did not leave the widow, or her estate, with anything beyond her statutory rights. In no view of the case does the will add anything thereto. There was in fact no occasion for a waiver, and it was not the legislative intent to require one under such circumstances.

In objection to the foregoing conclusion it is urged that the authorities hold that in this situation the taking is under the will and not under the statute, that there is a real bequest. This seems to us to mistake shadow for substance. It is not likely that, when the legislature made important rights of surviving spouses depend upon positive action to be promptly taken by them, it would set any such trap for the unsophisticated. Finely drawn legal distinctions, however scientifically sound, have no place in the interpretation of a statute designed to be administered by the rank and file of the people.

Much ingenuity has been displayed by courts and by counsel in discussing the nature of a testamentary provision like this, and as to whether, under such circumstances, the widow takes under the will or under the statute of distribution. There may be instances where a decision of this question would be of consequence. It is not so here. The question is one of legislative intent, and even if there is a technical title under the will, it does not constitute a provision for her within the meaning of that term as used in the statute.

But if it were conceded that the foregoing conclusion as to the meaning of the statute is erroneous, the defendant would not prevail. The utmost that can be claimed for the provision the testator made is that it gave her the right to take under the will rather than under the statute, that he used the statute as a measure of the estate he gave. The property right to be taken is substantially the same in either instance. So far as they differ, that under the will is the less. Dower and homestead are superior to the claims of creditors, while gifts by will are not. *Horner* v. *Reynolds*, 76 N. H. 259.

If the testator intended that his widow should take under the will, he could not have intended that she should waive the provisions of the will in order to receive the benefits of the provision which she

waived. He gave her either something or nothing. If he gave her nothing, no waiver was required. If he gave her something, it was a right to a share measured in the terms of the statute. That would envisage all that she could take under the statute, as far as he could give it. Outside the will she had two rights. She could take dower and homestead without any election, or an interest in fee by an election. If the will gave her anything, it covered both alternatives. If she took under the will, she had a right of election. She could waive life estates and take in fee.

The rather technical claim that the dower and homestead rights, given by law and named in the release, are not the same as an estate of equal duration given by will, does not affect the result here. If, to constitute an election under the will, it was necessary to describe in technical terms the estates to be released in order to take under the statute, those estates are properly designated in the release. If, on the other hand, it was essential for her to indicate her election between two alternatives given by the will (neither of which could be called dower and homestead), such election was amply expressed by her declaration that she chose to take one third in fee.

The waiver filed being admittedly sufficient if there is no provision for the widow in the will, and there being a sufficiently expressed choice if there is a bequest in the will, it necessarily follows that upon any view of the facts or theory as to the law the widow took one third of the real estate in fee.

The claim has been advanced that as the widow's real estate passed directly to her devisees her executor is not a party interested in possible charges against such property. No such objection to the appeal is stated in the record. Apparently, it was not presented in the superior court. It is conceded that it could be obviated by the proof of any one of several situations. The objection comes too late. *Duval* v. *Company*, 82 N. H. 543, 545, and cases cited.

*Exception sustained.*

All concurred.