143 So.2d 625

**Mabel J. COPELAND, Guardian,**

v.

**Noel M. TURNER, Executor.**

**1 Div. 969.**

Supreme Court of Alabama.

July 26, 1962.

Beddow, Embry & Beddow, and Roderick M. MacLeod, Jr., Birmingham, and Vickers, Riis, Murray & Curran, and J. Manson Murray, Mobile, for appellant.

Austill, Austill & Austill, Mobile, for appellee, and Wm. H. McDermott, Mobile, guardian ad litem, for Janie T. Baxter.

LAWSON, Justice.

Shephard L. Baxter died on December 1, 1958, leaving his widow, Janie T. Baxter, surviving him. They had been married for many years and had no children. At the time of his death Baxter was about ninety years of age and his widow was about seventy years old.

On November 26, 1958, the decedent executed a will, the material parts of which read:

"First: I nominate and appoint my nephew, Noel M. Turner, as Executor of my Will and expressly relieve him from giving any bond in said capacity and from filing any inventory of my estate in any Court.

\*　　\*　　\*　　\*　　\*　　\*

"Third: I give, devise and bequeath my entire estate, both real, personal and mixed and wherever situate unto my said nephew, Noel M. Turner, in trust upon the following terms and conditions, viz:

"A. I direct my said trustee to take possession of my estate and to hold the same, in his discretion by retaining said assets as they now exist, or selling any portion of my estate, without Court order or Court approval as in his judgment any part of it should be sold and to invest and re-invest any portion of said estate, as he deems to the advantage of said Trust Estate.

"B. I particularly direct my said trustee to provide for the comfort and health and maintenance of my beloved wife, Janie Baxter, as long as she should live and my said trustee is authorized, in that connection to expend not only the income but any portion of the corpus of said trust as might be necessary to accomplish said purpose.

"C. Upon the death of my said wife, · · I direct my said trustee to make a settlement of said trust and if at the time my sister, Racelia B. Turner, should be living, then my said Trustee shall make a distribution of said Trust and shall · pay the then remaining corpus to my said sister.

"D. If at the time of the death of my wife my sister, Racelia B. Turner is not living, then I give the then remaining corpus of said Trust to my nephew, Noel M. Turner.

"E. I expressly relieve my said trustee from giving any bond, surety or security of any kind in connection with the Administration of said Trust, having implicit confidence both in his integrity and in his honesty. * * *"

Janie T. Baxter had been mentally deranged for more than a year prior to her husband's death and within a short time thereafter she began to live in Birmingham, Jefferson County, with her sister, Mabel J. Copeland.

On January 13, 1959, Janie T. Baxter was adjudged insane by the Probate Court of Jefferson County and letters of guardianship were on that day issued to Mabel J. Copeland.

The will of Shephard L. Baxter was admitted to probate by the Probate Court of Mobile County on January 29, 1959, and letters testamentary were duly granted to Noel M. Turner, the executor named in the will.

On July 23, 1959, Mabel J. Copeland, as guardian of Janie T. Baxter, filed a petition wherein she alleged that it "would be to the best interest of the Widow, Janie T. Baxter, to dissent from the Will of her husband" and prayed for an order declaring such dissent. This petition was filed under the authority of § 21, Title 61, Code 1940, which in pertinent parts reads:

"If the widow is insane, * * * upon a petition filed by her guardian or next friend, * . * * within the time prescribed in the second preceding section, alleging that it would be to her interest, * * * the probate court of the county in which the will is probated has authority to declare dissent from such will for her; and upon the filing of such petition, the court must appoint a day for the hearing, not more than twenty days from the filing thereof, and if the widow is insane, * * * a guardian ad litem must be appointed for her. If upon the hearing the court is satisfied from the testimony of at least two disinterested witnesses, taken by deposition upon interrogatories as in chancery cases, that it is to the interest of such widow, * * * to dissent from the will, an order shall be made declaring such dissent. The costs of the proceeding must be paid by the person filing the application."

Upon the filing of the last-mentioned petition, William H. McDermott, an attorney, was appointed guardian ad litem "to represent and protect the interest of said person of unsound mind, Janie T. Baxter, in this proceeding."

On August 24, 1959, Noel M. Turner, as executor of the estate of Shephard L. Baxter, filed his answer to the petition filed by Mabel J. Copeland, as guardian of Janie T. Baxter, to dissent from the will of her late husband, Shephard L. Baxter

Noel M. Turner, as executor of the estate of Shephard L. Baxter, deceased, filed his petition for the removal of the administration of the estate of Shephard L. Baxter from the Probate Court of Mobile County, Alabama, to the Circuit Court of Mobile County, Alabama, in Equity. An order of removal was made and entered on October 14, 1959.

Thereafter a hearing was held in the Circuit Court of Mobile County, in Equity, at which testimony was introduced upon written interrogatories and cross-interrogatories in accordance with the provisions of § 21, Title 61, Code 1940.

On December 19, 1960, a final decree was rendered disallowing the dissent from the will as prayed for in the petition of Mabel J. Copeland, as guardian, on the ground, "That it has not been shown by the Testimony that it is to the interest of the Widow, to be allowed to DISSENT."

From that decree Mabel J. Copeland, as guardian of Janie T. Baxter, has appealed to this court.

The only argued assignment of error is to the effect that the trial court erred in not allowing the dissent.

The guardian ad litem joins in the brief filed on behalf of the executor, Noel M. Turner, which seeks to uphold the decree of the trial court.

An insane widow or one acting for her does not come into court for the purpose of dissenting from her husband's will on like terms and in the same legal status as if she were sane.

As to the sane widow, we have said that she has a clear legal right to dissent from the will of her husband under the provisions of § 18, Title 61, Code 1940. Cogburn v. Callier, 213 Ala. 46, 104 So. 330.

But the right given a sane widow to dissent from her husband's will by § 21, Title 61, supra, is personal to the widow. In Crenshaw v. Carpenter, 69 Ala. 572, decided by this court in 1881, it was held that an insane widow is incapable of entering a dissent and that a dissent entered for her by another, as next friend, was not authorized by the provisions now codified as § 18, Title 61, Code 1940.

Apparently to meet the decision in the case of Crenshaw v. Carpenter, supra, the legislature in 1884 passed an act (Act No. 9, approved December 3, 1884, Acts of Alabama 1884–1885, p. 74), the provisions of which are now codified as § 21, Title 61, Code 1940.

Section 21, Title 61, does not give to the guardian or next friend the right to make an election on behalf of the insane widow.

The guardian or next friend is simply given the right to petition the probate court for an order allowing the dissent, and the court's right to make such an order is dependent upon the fact that the court is satisfied from the testimony of at least two disinterested witnesses that it is to the interest of the widow to dissent from the will.

We have found no Alabama case and none has been cited to us wherein this court has been called upon to establish the rules or tests to be applied in determining whether or not a dissent on behalf of an insane widow is to her interest.

We have read with interest the texts and cases cited from other jurisdictions which disclose very divergent points of view as to what constitutes the "best interest" of an insane ward. See Page on Wills, Vol. 4, p. 37, § 1363, and cases cited; also annotations in 74 A.L.R. 452 and 147 A.L.R. 336.

Most of the cases deal with the situation in which some provision was made for the widow in the will and the issue was whether or not "her best interest" required that the statutory interest be claimed in preference to the testamentary provisions. As before stated, the courts have expressed widely divergent points of view as to how to go about determining the "best interest" of the insane ward under those circumstances.

We are not called upon here to lay down any rules applicable to all cases and we think it would be a mistake to attempt to do so.

In fact, our study of the texts and cited cases has led us to the conclusion that in determining whether or not it is to the interest or "best interest" of an insane widow to dissent from a will, no hard and fast rule should be laid down. Whether or not her interest will be best subserved by a dissent must be determined from all the facts and circumstances in a particular case. It seems to us that a test which is valuable in one case might lead to a ridiculous result in another case.

So, then we must inquire as to the situation in which Janie T. Baxter is placed by reason of the provisions of her husband's will and whether it is to her advantage to take under it or to dissent and take under the statute.

 Janie T. Baxter was mentally incompetent at the time her husband, Shephard L. Baxter, executed his will, wherein he left his *entire* estate, valued at approximately $35,000, in trust for the use and benefit of the said Janie T. Baxter. Under the will the trustee is authorized to expend and apply all of the income and "any portion of the corpus of said trust as might be necessary" to provide for the "comfort and health and maintenance" of the wife, Janie T. Baxter. No more money would be available for the use of Janie T. Baxter if the dissent was allowed.

The testator, Shephard L. Baxter, named as trustee his nephew, in whom he had great confidence. This record indicates that this confidence was well placed. The trustee, Noel M. Turner, is shown to be an astute business man who has served for approximately twelve years as co-trustee of a trust of approximately $105,000 in value. He has served as executor of an estate valued at over $200,000. The record also shows that Noel M. Turner is an experienced business man of considerable wealth. The heads of two of the largest financial institutions in the state testified that in their opinion he was altogether capable of managing a trust estate of $35,000 without furnishing any surety and that they would "unhesitatingly" lend him the sum of $35,000 without any security.

On the other hand, the guardian has had no experience in handling a trust estate. Her business experience has not been of the kind which would qualify her to administer the affairs of her insane sister as well as the trustee, Noel M. Turner.

We cannot say that the trial court erred in refusing to allow the dissent.

The decree of the trial court is affirmed.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.