## DONALD, ADM'R, *vs.* PORTIS, ADM'R.

[FINAL SETTLEMENT OF DECEDENT'S ESTATE.]

1. *Widow's right to dissent, personal.*—The widows right to dissent from the will of her deceased husband, (Code, § 1610), is personal to her, and can not be exercised by the administrator, in the event of her death within the twelve months, without having expressed her dissent.

APPEAL from the Probate Court of Dallas.

IN the matter of the estate of Daniel Enlon, deceased; said Enlon died in the spring of the year 1848, in Dallas county, leaving a last will and testament, which was admitted to probate on the 19th day of July, 1858, in the probate court of Dallas county. His wife, Nancy, who was a legatee and devisee under said will and executrix, but who never qualified as such, survived him; she died in said county in 1854. After several administrators of the estate of said Daniel Enlon, deceased, had been appointed and resigned, Thomas J. Portis, the appellee in this case was appointed in the year 1860, the administrator with the will annexed of Daniel Enlon, and qualified as such. Nancy Enlon also left a will, which was on the 27th March, 1854, duly admitted to probate in the probate court of Dallas county, appointing John C. Chisholm her executor. Said executor resigned his trust, and on the 17th February, 1859, one William Johnston was duly appointed and qualified as administrator *de bonis non* with the will annexed of the estate of said Nancy, and on the same day, as such administrator, filed in said probate court, his dissent in writing, from the will of Daniel Enlon, deceased, and said dissent was duly entered on the minutes of said court. In June, 1859, said William Johnston died, and on the 24th November, 1859, J. G. Donald, the appellant, was duly appointed administrator *de bonis non* with the will annexed of the estate of said Nancy, and qualified as such. It appeared

that said Daniel died leaving no children or their descendants, but left brothers and one sister and their descendants living. On the 1st February, 1861, said Thomas J. Portis appeared in said probate court and made a final settlement of his administration on the estate of said Daniel. J. G. Donald, as administrator *de bonis non, &c.*, of said Nancy, appeared by attorney on said settlement, and claimed that as such administrator he was entitled to one-half of the sum ($15,293 14) remaining in the hands of said Thomas J. Portis, for distribution. Issue was joined on this claim, and the court refused to allow it, and said J. G. Donald appealed to this court. This was the only point raised by the assignments of error.

PETERS & DAWSON, and WATTS & TROY, for appellants.
ALEXANDER WHITE, GEORGE GAYLE, and JOHN A. ELMORE, *contra.*

A. J. WALKER, C. J.—It is understood that the merits of this case have been settled, and that a decision upon the question of reversal or affirmance is only required for the purpose of adjudging the costs of this court. In this condition of the case, the cause is placed in our hands for decision, without argument, brief, or statement of the points arising in the case. We have examined the case without any of the usual helps in our investigation, and conclude, that the only point in the case as presented is, whether the administrator of Mrs. Nancy Enlon was entitled to a distributive share as the representative of the widow of Daniel Enlon, the decedent, from a decree on the settlement of whose estate the appeal is taken. The decision of this question, we understand from the record, depends upon the other question, whether, after the death of a testator's widow, her administrator can, within twelve months after the probate of the will, dissent, and take a distributive share instead of the testamentary provision. This question we decide in the negative, upon the ground that the right of dissenting from the will of a deceased husband, given to the widow by our statute, is personal and not trans-

missible to her administrator.—2 Scribner on Dower, 468, 480; 2 Redfield on Wills, 754; *Welsh v. Anderson*, 28 Missouri, 293.

Affirmed.