## ELTZROTH v. BINFORD ET AL.

### No. 7418.

WILL.—*Construction of.—Life-Estate.—Decedents' Estates.—Contract.*—A testator devised his property, real and personal, to his wife during her life, and at her death the remainder to his children. After his death, his widow agreed in writing with A., that he should be paid a certain sum out of the property devised to her, for his services in supporting her. After her death, A. recovered a judgment against her estate, on said agreement, for such services. Such widow having left no personal estate out of which such debt could be paid, and no property of any kind except such as was devised to her by her husband, A. brought suit to have his judgment declared a lien upon the real estate so devised to her, and to have her administrator ordered to sell so much of such real estate as would pay said judgment

*Held*, that such suit could not be maintained.

*Held*, also, that the will devised to the widow only a life-estate in the property, which, at her death, went to the children of the testator or their representatives.

*Held*, also, that such will conferred no power upon the widow to create any lien upon or charge against such real estate, which could be made operative after her death.

Eltzroth *v.* Binford *et al.*

SAME.— *Widow's Right of Election or Revocation, under Will.*—A widow's right of election or revocation, under the will of her deceased husband, is a personal right, and not transmissible by descent so as to be exercised either by her heirs or personal representatives, much less by the creditors of her estate.

From the Montgomery Circuit Court.

*L. Wallace* and *G. D. Hurley,* for appellant.

*C. L. Thomas, A. D. Thomas, P. S. Kennedy* and *W. T. Brush,* for appellees.

NIBLACK, C. J.—This was a proceeding by Christian W. Eltzroth, against Samuel Binford and a large number of other persons, all of whom were either lineal descendants, or were or had been intermarried with the lineal descendants, of Leah Snook, deceased, and Benjamin Crane, administrator of the estate of the said Leah Snook, to enforce an alleged judgment lien against, and the sale of, certain real estate. The complaint was in four paragraphs.

Separate demurrers were sustained to the first and third paragraphs. Issues were formed upon the second and fourth paragraphs, and, upon a trial of those issues, there was a verdict and judgment for the defendants.

The only questions made here are upon the sufficiency of the first and third paragraphs of the complaint. The facts averred in the first paragraph may be stated briefly as follows :

That on the 12th day of November, 1856, one Henry S. Snook died testate, and seized of certain tracts of land in Montgomery county; that by his last will, previously executed and afterward duly admitted to probate, he disposed of his entire estate as follows :

" Item 1st. I hereby give and bequeath unto my well beloved wife, Leah Snook, all my property, real and personal and mixed, for and during her natural life, out of which she or my executor shall pay all my just debts and funeral expenses.

" Item 2d.    At the death of my wife, I will and bequeath that all my property, real and personal, or such as shall remain at that time, shall be equally divided among all my children, or the representatives of them, taking into consideration any advancements that I have heretofore made to any of them, or that may hereafter be made to any of them by me or by my wife after my decease."

That on the 5th day of November, 1873, the said Leah Snook, widow of the said Henry S. Snook  entered into a contract in writing, with the plaintiff, by which she agreed that he should be paid certain annual and other sums of money out of the property devised and bequeathed to her as above set forth, for his past as well as future services in supporting and taking care of her, the said Leah Snook ; that on the 10th day of May, 1874, the said Leah Snook died intestate ;  that afterward, at the November term, 1875, of the Montgomery Circuit Court, the plaintiff recovered a judgment against her estate, for her support and maintenance, under the contract above referred to, in the sum of $3,068.75 ; that there was no personal estate left by the said Leah Snook, out of which such judgment could be paid ; that she, the said Leah, left no property of any kind, except that devised and bequeathed to her as above stated.    Wherefore the plaintiff demanded that his judgment should be decreed to be a lien on the real estate so devised to the said Leah Snook, and that the defendant Crane, as her administrator, should be ordered to sell said real estate, or so much thereof as might be necessary to pay such judgment, with the interest and costs due thereon.

This paragraph of the complaint was framed upon the theory that the said Leah Snook had elected to take under the will of her husband set out as above.

This will devised and bequeathed to the said Leah only a life-estate in the property, both real and personal, disposed of by it, and at her death such property went

absolutely to the children and representatives of children of the testator, Henry S. Snook.

The will evidently conferred no power upon the said Leah to create any lien upon, or to make any charge against, the real estate in suit, which could be made operative or effectual since her death. This construction of the will appears to us too obvious to require the citation of authorities in support of it. The plain reading of the will precludes the idea of her having any disposing power over the property, beyond her lifetime, or of her leaving any interest in the property which could be sold, after her death, for the payment of her debts. The first paragraph of the complaint was therefore clearly bad upon demurrer.

The third paragraph of the complaint alleged substantially the same facts as those stated in the first paragraph, but, in addition, averred that the said Leah Snook made her election to take under the will of her said husband, by mistake as to the rights which she would acquire under it, in ignorance of the terms of the will itself, and under the influence of bad advice as to the estate she would take in the property devised and bequeathed to her by it, and that, continuing under the mistake she had thus made as to her rights under the will, and in ignorance of the terms of the will itself, and under the influence of such bad advice as to the estate which she had taken in the property devised and bequeathed by it, she did not, at any time during her life, either revoke or attempt to revoke her said election to take under the will.

We do not see that these additional averments add any thing to the sufficiency of this third paragraph as a cause of action against the defendants. The widow's right of election under the will of her husband is a personal right, and not transmissible by descent so as to be exercised either by her heirs or personal representatives, much less by the creditors of her estate. 2 Redfield Wills, 367.

On the same principle, the widow's right of revocation, after she has made her election, is a personal right, not transmissible, and not to be exercised by any one else for his own benefit.

In our estimation, the court also did right in sustaining the demurrer to the third paragraph of the complaint.

The judgment is affirmed, with costs.