STERRIT et al. v. LEE.

(Supreme Court, Appellate Division, Second Department. October 10, 1899.)

1. CONCLUSIVENESS OF JUDGMENT.

A son, who had insured his life in favor of his mother, outlived her, and attempted to dispose of the policy by will. *Held*, that a judgment in an action between his executors and the mother's administrators, declaring the latter entitled to the fund, was not an adjudication on the right of the son to share in the estate of his mother as next of kin, and hence did not preclude his executors from claiming a share of the proceeds of the policy.

**2. DESCENT AND DISTRIBUTION.**

The interest of the son in his mother's estate vested at her death, and on his death passed to his executors.

Action by Louis S. Sterrit and others, as executors of the will of David Beveridge, deceased, against Martin L. Lee, as administrator of the estate of Marion Beveridge, deceased. Judgment for plaintiffs.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Creevey & Rogers, for plaintiffs.

Martin L. Lee, in pro. per.

PER CURIAM. Plaintiffs' testator, David Beveridge, insured his life in favor of his mother, Marion Beveridge. Marion Beveridge died during the lifetime of David, intestate, leaving David and two other children her sole next of kin. David died subsequently, leaving a will, by which he assumed to dispose of the insurance policy issued in favor of his mother. David's executors made claim to the insurance policy, and a litigation as to the insurance subsequently ensued between them and the administrator of Marion, in which judgment was entered declaring that the latter was entitled to the fund. 52 N. Y. Supp. 1132. The plaintiffs demand of the defendant one-third of the insurance moneys, less the expenses of administration, etc. (there being no debts against the estate of Marion), which is resisted on the ground that the decree in the previous litigation is conclusive against any right of the plaintiffs to share in the proceeds of the policy. The dispute or controversy now submitted to us seems to be as utterly needless and without merit as the one determined in the prior action between the parties. The judgment in that action decided that the personal representatives of Marion, not those of David, were entitled to the insurance moneys; but it did not and could not have adjudicated upon the right of David to share in the estate of his mother as one of her next of kin. Of course, the interest of David in the estate of his mother vested at the time of the latter's death, and on David's death passed to his personal representatives.

Judgment for plaintiffs on agreed statement of facts, with costs.