BERKELEY v. KENNEDY et al.

(Supreme Court, Appellate Division, First Department. June 7, 1901.)

1. DECEASED HEIR—INTEREST—PAYMENT TO ADMINISTRATRIX.
   Where a deceased heir's interest in an estate was claimed by several persons, and had been paid into court, it was proper to order it paid to the heir's administratrix in preference to a distributee of the heir.

2. SAME—BOND—SUFFICIENCY.
   Where an administratrix alleged in her application for letters that the estate amounted to $100, and gave bond for $200, it was error to order $1,080 paid to her as administratrix without requiring additional security.

Appeal from special term, New York county.

Action by Lancelot M. Berkeley, as substituted trustee under the will of Patrick Kennedy, deceased, against Andrew J. Kennedy, Mary Kennedy, and others. From an order directing a deposit in court to be paid to Mary Kennedy, plaintiff and Andrew J. Kennedy appeal. Modified.

Michael Kennedy, who was an heir of Patrick Kennedy, died before the distribution of the estate, and the administratrix of Michael Kennedy filed a motion that a deposit in court of $1,080 as his interest in the estate of Patrick Kennedy be paid to her.

Argued before HATCH, McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

L. M. Berkeley, in pro. per.

James C. Bushby, for appellant Andrew J. Kennedy.

Michael J. Sweeney, for respondent.

PER CURIAM. The order appealed from was made upon notice to all parties, and directed payment of moneys on deposit with the city chamberlain to the duly-appointed administratrix of Michael Kennedy. As an asset of her intestate's estate, the administratrix is prima facie entitled to the possession thereof. Andrew J. Kennedy, a brother of the decedent, seems to have asserted a claim to one-half of the money as a distributee, "unless there is some person nearer than himself entitled to the fund." But claims to the fund can only be made through administration. On the appointment of the administratrix, she gave a bond for only $200, which is entirely inadequate security. That was fixed upon an allegation made upon her application for letters of administration that the estate of the decedent amounted to only $100. The money which the administratrix seeks now to become possessed of is in the hands of the chamberlain, and in directing the payment of money out of court provision should be made for the security of the fund in the hands of the person to whom it is to be delivered, unless that person is absolutely entitled thereto. The order made in this case should be modified by directing the payment of the fund to the administratrix upon her giving security in the surrogate's court in the sum of $1,200, such security to be approved by the surrogate.

As modified, the order is affirmed, without costs of this appeal.