PAUL V. FLYNN, as Executor of MARY M. MCDERMOTT, Deceased, Respondent, *v.* MICHAEL F. MCDERMOTT, as Executor of JOHN MCDERMOTT, Deceased, Appellant.

1. REAL PROPERTY LAW — ELECTION BETWEEN BEQUEST AND DOWER. The death, within a year after the death of her husband, of a widow entitled to a legacy under his will in lieu of dower, without having exercised her right of election, vests the right to collect the legacy in her executor. (Real Prop. Law, L. 1896, ch. 547, §§ 180, 181.)

2. EFFECT OF ACTION BY WIDOW TO CONTEST PROBATE OF WILL. Where the widow is left a legacy in lieu of her dower, her right to attack the will for any legal reason still exists, and an action by her to contest its probate is not to be construed as an election to take dower if the will is set aside, or to take the devise or bequest under the will if it is sustained.

*Flynn* v. *McDermott*, 102 App. Div. 56, affirmed.

(Argued October 13, 1905; decided November 21, 1905.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered February 21, 1905, upon an order affirming a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term without a jury.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Bertram L. Kraus* and *Henry B. Wesselman* for appellant. The Real Property Law of this state, following the common law, provides for an election by the widow between a testamentary gift in lieu of dower and the dower right itself (Laws of 1896, chap. 547, § 180) and provides further a time limit within which the election must be exercised, and if the widow fails to take the requisite steps under the statute to preserve her right of dower, after the period of the year limited she is deemed to have elected to take the jointure, devise or pecuniary provision in lieu thereof. Thus by the testator's will the widow is given the option of accepting a pecuniary or other provision in consideration of the relinquishment of her dower right, and she is entitled to the provision only after her election to accept it or after such time as she is deemed to have elected to accept it under the statute. If she dies before the expiration of the year without making an election her right to elect ceases and the provision falls and cannot be recovered by her representatives. (*Akin* v. *Kellogg,* 119 N. Y. 441; *Chamberlain* v. *Chamberlain,* 43 N. Y. 442; *Boone* v. *Boone,* 3 H. & McH. 95; *Welsh* v. *Anderson,* 28 Mo. 293; *Sherman* v. *Newton,* 6 Gray, 307; *Crozier's Appeal,* 9 Norris [Penn.], 384; *U. S.* v. *Grundy,* 3 Cranch, 337; *Hamilton* v. *O'Neill,* 9 Mo. 10; *Atherton* v. *Corlis,* 101 Mass. 44; *Collins* v. *Carmin,* 5 Md. 504.) A provision in lieu of dower and acceptance of same is in effect a contract whereby the widow becomes a purchaser of the property left to her by the will in consideration of her relinquishing her dower. (*Hathaway* v. *Hathaway,* 37 Hun, 266; *Chamberlain* v. *Chamberlain,* 43 N. Y. 442; *Rowe* v. *Lansing,* 53 Hun, 212; *Isenhart* v. *Brown,* 1 Edw. Ch. 411; *Williamson* v. *Williamson,* 6 Paige, 305.)

*Thomas F. Magner* for respondent. Mary McDermott's action in opposing the probate of the will did not amount to

an election to take dower. (*Walton's Estate*, 1 Tuck. 10; *Chamberlain* v. *Chamberlain*, 43 N. Y. 424; *Duffy* v. *Duffy*, 70 Hun, 135.)

BARTLETT, J.   This is an action against the estate of John McDermott, deceased, brought by the executor of the widow, Mary M. McDermott, to recover a legacy in her favor under her husband's will.   John McDermott died on the 18th of March, 1902, leaving a last will and testament which was executed on June 19th, 1900.

The third and fourth subdivisions of the will read as follows: "*Third.* I give, devise and bequeath to my beloved wife Mary M. McDermott, the sum of nine thousand dollars in cash to be paid to her by my executor and trustee hereinafter named out of my estate within one year after my decease, with legal interest thereon, to be computed from the day of my death until such payment shall be made by my said executor and trustee to my said wife, Mary M. McDermott.

"*Fourth.* The above legacy of nine thousand dollars, and the one-half of said policy of insurance hereinbefore mentioned I hereby declare is given to my said wife in full satisfaction and for and in lieu of her dower or thirds which she can in anywise claim or demand or which the statutes of the State of New York give to her and which she might in any way claim out of my estate."

The will of John McDermott was duly proved on the 26th of March, 1902.   On the 12th of July, 1902, his widow, Mary M. McDermott, instituted an action in the Supreme Court to determine the validity of the probate of the will, which action was pending on the 11th of September, 1902, when said Mary M. McDermott died.   The will of the widow was duly proved soon after her death.   The death of the widow occurred within the statutory year allowed her for election to take the provisions of the will in lieu of dower and without her having exercised the same.

Section 180 of the Real Property Law reads as follows: "If real property is devised to a woman, or a pecuniary or

other provision is made for her by will in lieu of her dower, she must make her election whether she will take the property so devised, or the provisions so made, or be endowed of the lands of her husband; but she is not entitled to both." It is provided in section 181, in substance, that where a woman is entitled to an election, she is deemed to have elected to take under the provisions of the will, unless within one year after the death of her husband she enters upon the lands assigned to her for her dower, or commences an action for the same. This presumption does not apply in the present case, as the widow died within the year. After the expiration of the year from the death of John McDermott, due demand having been made by the executor under the will of the widow for payment of her legacy, this action was commenced to enforce the same.

The claim of the defendant appears to be inconsistent with the allegations of his answer, stating that the widow had elected to take her dower, which position seems to have been abandoned, and the charge now is that the widow died within one year without having made an election. This latter contention is in accordance with the allegation of the complaint, and the questions in this case are:. (1) What is the effect of the widow having died within the year making no election? (2) What is the effect of the widow having begun an action in her lifetime to set aside the will on the ground that the same was not executed according to law and that her husband was of unsound mind and incapable of making a will?

We are cited to no decision in this state passing directly upon the effect of a widow dying within the year allowed her for election. It has been frequently held in other states that this privilege of election is purely personal so far as the widow is concerned and does not pass to her legal representatives. (*Sherman* v. *Newton,* 72 Mass. [6 Gray] 307; *Crozier's Appeal,* 90 Penn. St. [9 Norris] 384; *Boone's Representatives* v. *Boone,* 3 Har. & McH. [Md.] 95; *Welsh* v. *Anderson,* 28 Mo. 293; *Eltzroth* v. *Binford,* 71 Ind. 455; *Donald, etc.,* v. *Portis, etc.,* 42 Ala. 29.)

We agree that this is a proper construction of the statute. The widow is given one year from her husband's death in which to make an election between the legacy given in lieu of dower and the enforcement of the dower right. The position taken by the appellant is that as the right of election is personal, and the widow having died without exercising it, she must be deemed to have abandoned her right to the legacy.

It has been held that a bequest in lieu of dower, and the acceptance of same, amounts to a matter of contract and purchase; that the wife is to be paid the bequest in preference to other legacies and without abatement, the debts being first paid. (*Isenhart* v. *Brown*, 1 Edwards' Ch. 411; *Hathaway* v. *Hathaway*, 37 Hun, 266.)

The appellant argues, from this undoubted principle of law, that a legacy left in lieu of dower differs from an ordinary legacy and is purely personal to the widow, as it is coupled with the statutory right of election vested in her, and the latter failing by reason of her death, the legacy falls with it. This construction is unreasonable and unwarranted. The effect of the widow's death within the year is to vest the right to collect the legacy in her executor.

The second point presented is the effect of the widow's action in contesting her husband's will. We are of opinion that where a widow is left a legacy in lieu of dower, her right to attack the will for any legal reason still exists, and an action to contest its probate is not to be construed as an election to take dower if the will is set aside, or to take the devise or bequest under the will if it is sustained. In other words, her rights are in abeyance until the determination of the will contest. This position is directly recognized under the Real Property Law (§ 181), which provides, in substance, that if, during the period of one year given the widow for election, it is made to appear to the court by affidavit, among other things, that an action is pending to contest the probate of the will, her time in which to make such election may be enlarged by order.

It follows that the executor of the widow is entitled to collect the legacy due under the third subdivision of her husband's will, with interest from the date of his death.

The judgment and order appealed from should be affirmed, with costs.

CULLEN, Ch. J., GRAY, HAIGHT, VANN and WERNER, JJ., concur; O'BRIEN, J., absent.

Judgment and order affirmed.