## CAMARDELLA v. SCHWARTZ.

(Supreme Court, Appellate Division, Second Department. May 1, 1908.)

WILLS—ELECTION—INSANE WIDOW—RIGHTS.

  Under Real Property Law, Laws 1896, p. 586, c. 547, § 180, a testator's widow must elect whether she will take under a will giving her property in lieu of dower or be endowed of testator's lands, and under section 181 she is deemed to have elected to take under the will unless, within one year after testator's death, she enters upon the lands assigned to her for dower or sues for dower. Laws 1907, p. 1010, c. 462, § 6a, subd. 2, vests in the state commissioners of lunacy power to hold a devise or bequest to any state hospital in trust for an insane person. *Held,* that an insane widow of a testator cannot legally personally elect nor waive, nor enter lands assigned to her, nor sue for her dower within sections 180 and 181, that the privilege of waiver under the statutes is a purely personal right resting in the widow's discretion alone, and not passing to her legal representatives; and hence the state commission of lunacy could not validly elect on behalf of a testator's insane widow to take under the will; the 1907 act not authorizing such an election, and her dower right remains in the land, rendering unmarketable a title derived under an executor's deed from testator's administrators with the will annexed.

  [Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, § 2037.]

Submitted controversy between James V. Camardella and Joseph M. Schwartz. Judgment for defendant.

Argued before WOODWARD, JENKS, HOOKER, RICH, and GAYNOR, JJ.

George B. Class, for plaintiff.
Joseph M. Schwartz, for defendant.

HOOKER, J. The parties have entered into a contract, the plaintiff to sell, and the defendant to buy, certain real property. Before the time for closing the title the defendant urged objections to the title, and this submission is the result. The plaintiff took title by the usual executor's deed from the administrators with the

will annexed of Charles Fahr, deceased. Fahr's will made what appears to have been an exceedingly fair and equitable provision in lieu of dower for his wife, who was at the time of making the will and had been for a number of years prior thereto and still is hopelessly· insane, confined in an asylum, and for whom a committee had been appointed prior to the making of the will. Within one year after the death of the husband the widow made no election whether she would take the legacy or be endowed of the lands of her husband, nor did she herself make any attempt to do so.

Section 180 of the real property law (Laws 1896, p. 586, c. 547) provides that:

"If real property is devised to a woman, or a pecuniary or other provision is made for her by will in lieu of dower, she must make her election whether she will take the property so devised, or the provision so made, or be endowed of the lands of her husband; but she is not entitled to both."

Section 181 provides that:

"Where a woman is entitled to an election, as prescribed in either of the last two sections, she is deemed to have elected to take the jointure, devise or ·pecuniary provision, unless within one year after the death of her husband she enters upon the lands assigned to her for her dower, or commences an action for her dower."

The commission in lunacy of the state of New York for and on behalf of the widow undertook by a formal declaration to elect in her behalf that she take in lieu of dower the testamentary provisions in her favor of the will of her deceased husband. The question for determination, then, is whether the plaintiff under the circumstances can convey to the defendant a good and marketable title to the premises, free of any dower right which might be asserted on behalf of the incompetent widow.

We are cited to no decision in this state passing directly upon this question. The widow, being insane, had no legal power personally to elect or waive; and, on the other hand, of course, could not enter upon the lands assigned to her or commence an action for her dower in such manner that the act itself would bind her. It is inferentially held in Pinkerton v. Sargent, 102 Mass. 568, that the insanity of the widow suspends the operation of the statute, and nothing comes of her failure to elect by reason of her insanity until the restoration of her mental faculties or until her death. The decision proceeds upon the proposition that the privilege of waiver is a purely personal right, and its exercise rests in the personal discretion of the widow alone. This proposition is the law in this state. Flynn v. McDermott, 183 N. Y. 62, 75 N. E. 931, 2 L. R. A. (N. S.) 959, 111 Am. St. Rep. 687. In that case it is said:

"It has been frequently held in other states that this privilege of election is purely personal so far as the widow is concerned, and does not pass to her legal representatives." Sherman v. Newton, 72 Mass. (6 Gray) 307; Crozier's Appeal, 90 Pa. 384, 35 Am. Rep. 666; Boone's Representatives v. Boone, 3 Har. & McH. (Md.) 95; Welch v. Anderson, 28 Mo. 293; Eltzroth v. Binford, 71 Ind. 455; Donald v. Portis, 42 Ala. 29.

We agree that this is the proper construction of the statute. There is nothing in either the language or tenor of the provisions of the real property law which indicates an intention on the part of the Legislature to deprive an insane widow of the right given to her to elect whether she will take her dower or the legacy. Her silence or her failure to enter or to commence an action to obtain her dower cannot be construed against her, or as a waiver of her personal privilege. This may not be done in the absence of clear legislative intent to deprive the insane of rights which are, under the law, reserved to them assiduously by the courts. The act of the commission in lunacy in formally filing an election on her behalf to take the testamentary provision in lieu of dower can have no valid effect upon the title which is here the subject of controversy. "It is not to be inferred, without express provision that when, through loss of reason, the waiver can no longer be intelligently made by the widow, a stranger, who may be appointed guardian, may do it in her name, or in his own name as guardian." Pinkerton v. Sargent, supra. This follows as a corollary from the proposition that the right to elect is a purely personal one in the widow.

It is said that by reason of subdivision 2, § 6a, c. 462, p. 1010, Laws 1907, the act of the commission in lunacy in undertaking to elect for the widow was sufficient in that behalf. It is true that this statute vests in the commissioners in lunacy, among other general powers, the right to accept and hold a devise or bequest to any state hospital in trust for the support of an insane person; but the act does not specifically or by inference authorize any election by the commissioners on behalf of a widow in a case of this sort; and, in the absence of clear intent, the courts should not hold the statute sufficiently broad to allow the commissioners to exercise a right which has been given as a personal one to the incompetent.

Our conclusion is that the title offered by the plaintiff is not free from the dower right which might be asserted on behalf of the insane widow, and judgment must be for the defendant under the stipulation cancelling the contract and requiring the plaintiff to return to the defendant the sum of $500 paid on account of the purchase price, together with the costs of this action. All concur.