In the Matter of the Last Will and Testament of JOSEPHINE M. STEFFAN, Deceased.

Surrogate's Court, Erie County, March 14, 1927.

**Wills — construction — testatrix bequeathed " the privilege to buy of my executors my property \* \* \* in the city of Buffalo, to the adjoining owner "— word " privilege " construed not as bequest but as personal grant which did not survive specific person.**

The clause in a will by which the testatrix herein bequeathed " the privilege to buy of my executors my property \* \* \* in the city of Buffalo, to the adjoining owner " must be construed, not as a bequest, but a personal grant. Therefore, where it appears that the property which adjoined that of testatrix on the north and south at the time the will was executed was owned by her brother who predeceased her, it must necessarily follow that the grant did not survive the specific person.

APPLICATION for construction of will.

*Paul M. Batt,* for John J. Steffan and another.

*Palmer, Garono & Wickser,* for John M. Fornes and others.

*Gibbons & Pottle,* for Anthony J. Steffan.

*Percy S. Landsdowne,* special guardian.

HART, S. An application has been made for construction of the 4th clause of the will of Josephine M. Steffan by the executors and certain of the heirs at law. The clause in question reads as follows:

"*Fourth:* I bequeath the privilege to buy of my executors my property at #10 and #12 Pearl Pl. in the city of Buffalo, to the adjoining owner for the assessed valuation of the City of Buffalo. If same is not wanted by this owner, same to be sold at the best value obtainable, and also added to my estate as in former bequeaths."

There is no designation by name, and the privilege is given to the adjoining owner. The property adjoining on the north and south at the time the will was executed was owned by George L. Steffan, decedent's brother. There is other property abutting owned by a stranger, and for construction and interpretation this may be disregarded as not within the scope of testatrix's intention.

George L. Steffan predeceased the testatrix and has left children and grandchildren contending for the right of succession to the privilege accorded the parent. The privilege is of considerable value from a monetary standpoint and on account of changed conditions is no sentimental or association loss.

I have examined carefully the briefs of counsel and the cases cited and from independent search have found no case directly in point. It being a home-made will the ordinary layman's interpretation of the word "privilege" must be adopted.

In *Flynn* v. *McDermott* (183 N. Y. 62) the widow had a vested interest which gave her a choice or substitution in lieu of dower. In the present case it rests entirely upon the definition of the word "privilege" and I am of the opinion it is not a bequest, but a personal grant which does not survive the specific person who was unable to utilize it.

Decree may enter accordingly.