## In the Matter of the Estate of JACOB MIHLMAN, Deceased.

Surrogate's Court, Kings County, June 16, 1931.

*Isador Silver*, for the petitioner.

*Nirenstein, Rhodes & Nirenstein*, for Max Gomberg, an executor, and Ephraim Gomberg, Anna Gomberg, Alex Gomberg and David Gomberg, parties in interest.

*Francis J. Blaustein*, for Esther Chircick, contestant.

*Michael Schneiderman*, for Samuel Kaiser and Abraham Kaiser, contestants.

WINGATE, S. This proceeding presents for the first time to this court, and so far as reported decisions go, to any court, a question concerning the proper construction of section 18 of the Decedent Estate Law, which went into effect on September 1, 1930.

The decedent in this case died on January 16, 1931. He was survived by a widow, Toba Mehlman, who died January 28, 1931. He left a purported will, dated January 15, 1931, in which no provision was made for the widow. This will has been presented for probate and objections have been filed thereto on all the usual grounds, and also on the following:

" *Fifth.* That the said last Will and Testament is invalid, in that no provision whatever is made for the widow of the deceased, as required by statute.

" *Sixth.* That the said last Will and Testament is invalid and

ineffectual as such to the extent of the intestate share of the widow of the deceased in the estate herein.

" *Seventh.* That the contestants hereby elect to claim the rights, provisions and distributive share for the amount and in the manner as provided and prescribed by law for the surviving widow of the said deceased, as upon intestacy."

The questions presented for present determination arise upon a motion to strike out these last-enumerated objections.

During her life the widow did nothing in respect to an election to take against the will pursuant to the provisions of section 18 of the Decedent Estate Law (as added by Laws of 1929, chap. 229). The questions presented are, therefore, *first,* whether a will which fails to make any provision for a surviving spouse is valid; and *second,* whether the right of a surviving spouse, granted by section 18, to elect to take against a will, is a personal right which must be exercised by such survivor, or whether it may be exercised on her behalf by another after her death. These questions will be considered in inverse order.

So far as here material, section 18 reads as follows: " Election by surviving spouse against or in absence of testamentary provision. 1. Where a testator dies after August thirty-first, nineteen hundred and thirty, and leaves a will thereafter executed and leaves surviving a husband or wife, a personal right of election is given to the surviving spouse to take his or her share of the estate as in intestacy, subject to the limitations, conditions and exceptions contained in this section."

It will be noted that the section in terms gives the surviving spouse a " *personal* right of election." On ordinary principles of the connotation of language, it would seem entirely apparent that a " personal right " is a right inherent in the particular individual to whom it is given, as distinguished from a right which might be exercised by any other person whomsoever. Either such construction precluding the exercise of the right by any person other than such designated donee, is clear, or the statute is ambiguous. If it is clear, there is an end to the question and the present attempt of the next of kin of the widow to exercise such right on her behalf is nugatory. If, however, two opinions on the subject are possible, then it follows on fundamental principles of construction of ambiguous statutes, that the history and general purpose of the enactment would be legitimate subjects of judicial inquiry. (*Matter of Hamlin,* 226 N. Y. 407, 414; *Archer* v. *Equitable Life Assurance Society,* 218 id. 18, 22; *City Bank Farmers' Trust Co.* v. *N. Y. Central R. R. Co.,* 253 id. 49.) In this inquiry it would be proper for the court to note the report of the Commission appointed for

the purpose of considering defects in the laws, pursuant to which the present statutory provision was adopted by the Legislature. (*People* v. *Schweinler Press*, 214 N. Y. 395, 404.)

This report, which is found in Legislative Document (1930) No. 69, contains (at pp. 83 to 88) an exhaustive discussion of the purposes of the new enactment here under consideration, indicating an intention to substitute a real and tangible benefit in place of the existing right of dower of a decedent's wife, which latter, experience had demonstrated to be almost, if not entirely illusive in the advantages conferred.

Attention is drawn by the Commission to the obligation of support of the wife resting upon the husband during life and of its abrupt termination on his death and the power given the decedent husband of leaving his natural dependents destitute by an unjust or unnatural will. Apparently the evasion of this natural obligation of support was the particular defect in the law at which the recommendation was directed. Consonant with this conception, the following language is found at page 117 of the same document: " The right of election given herein to the surviving spouse is intended to be a personal right only except as specially provided in the section with respect to infants and incompetents. (*Matter of Brown*, 212 App. Div. 677; affd., 240 N. Y. 646.) Such right of election if not previously exercised will be lost upon the death of the surviving spouse and will not pass to his or her executor or administrator. This is similar to the personal right of the widow to elect against a testamentary provision in lieu of dower, which right ends upon her death. (*Flynn* v. *McDermott*, 183 N. Y. 62; *Carmardella* v. *Schwartz*, 126 App. Div. 334; *Youngs* v. *Goodman*, 240 N. Y. 470.)"

Even in the absence of such interpretative notes, the amendment of section 190 of the Real Property Law by chapter 229 of the Laws of 1929, which substantially abolishes dower, makes it entirely apparent that the rights given to a surviving wife in section 18 of the Decedent Estate Law must have been intended to be given in lieu of the former dower rights. It is therefore, logical to assume that the right of election against the will given by section 18 is to be dealt with in a manner similar to the analogous election possessed by the surviving wife under the old law to take her dower rights in preference to any testamentary benefactions provided for her.

It is familiar law that the right of a widow to elect to take dower in lieu of the provisions made for her by the will was a personal right which, if competent, she was required personally to exercise, and which lapsed if she died prior to its exercise. As

was said in *Flynn* v. *McDermott* (183 N. Y. 62, 65, 66): " We are cited to no decision in this state passing directly upon the effect of a widow dying within the year allowed her for election. It has been frequently held in other states that this privilege of election is purely personal so far as the widow is concerned and does not pass to her legal representatives. * * * We agree that this is a proper construction of the statute." (See, also, *Carmardella* v. *Schwartz*, 126 App. Div. 334, 336; *Youngs* v. *Goodman*, 240 N. Y. 470, 473; *Matter of Brown*, 212 App. Div. 677, 679.)

It is, therefore, apparent that no matter from what angle the statute is viewed, the same result is inevitable, to the effect that the widow's right of election is purely personal to her except in the instances enumerated in the statute, and cannot be exercised on her behalf after her death.

Since, in the instant proceeding, the widow died without exercising the right of election granted her by section 18 of the Decedent Estate Law, it must be held that such right died with her and cannot be exercised by the objecting parties in the present proceeding.

The objection raising the question of the validity of a will in which no provision is made for a surviving wife must also be decided adversely to the objecting parties.

Subdivision 2 of section 18 of the Decedent Estate Law reads as follows: " 2. Where any such election shall have been made, the will shall be valid as to the residue remaining after the elective share provided in this section has been deducted and the terms of the will shall as far as possible remain effective."

The obvious construction to be placed upon this subdivision is that except in so far as the terms of the will are defeated by the exercise of a right of election as given in the section, it is valid and enforcible if otherwise unobjectionable.

It is fundamentally established that a competent testator, except in so far as he may be restrained by statute, may dispose of his property in any way he sees fit (*Matter of Shumway*, 138 Misc. 429, 433, 434, and cases cited; *Matter of Enright*, 139 id. 192, 198, and cases cited); and that if a document is propounded for probate the only prerequisites to its admission are demonstrations of the competence and volition of the testator. (*Matter of Enright*, 138 Misc. 853, 856, 857.)

It must follow, therefore, that since a will which does not make provision for a surviving spouse to the extent required by section 18 of the Decedent Estate Law, is declared to be valid except in so far as a properly executed notice of election subtracts from its terms, that a will against which, under the terms of the statute,

no right of election exists, is, on fundamental principles of testamentary disposition, wholly valid, if voluntarily executed by a competent testator.

It follows, therefore, that the motion of the proponent must be granted in both particulars and paragraphs " fifth," " sixth " and " seventh " of the answer of Samuel Kaiser and Abraham Kaiser be stricken out.

Proceed accordingly.