In the Matter of the Estate of CELIA DAME HOOLE, Deceased.

Surrogate's Court, Kings County, October 9, 1935.

*George C. Buechner*, in person.

*Abraham Greenberg*, for the respondent Bertha B. Hoole.

*James D. C. Murray*, for the respondent Thomas Francis Patterson.

*Cadwalader, Wickersham & Taft* [*John F. Van Deren* of counsel], for the Salvation Army.

*Coombs & Wilson* [*Herbert E. Cronk* of counsel], for The Industrial Home for the Blind.

*Wood, Cooke & Seitz* [*Elliott W. Smith* of counsel], for the Young Women's Christian Association of Brooklyn.

*Stahl & Updike*, for the estate of Ray Connor.

WINGATE, S. The controversy in this proceeding for testamentary interpretation presents the perennial problem of whether a remainder is vested or contingent.

The testatrix erected a trust from the remainder of her estate with life use to her son. The will then read:

" Upon the death of my son * * * I direct my trustees * * * to pay over and divide the said trust fund as follows:

"(1) If my son shall leave him surviving any lawful issue then and in that event, the whole of the said trust fund shall be paid over to such lawful issue, share and share alike.

" (2) In the event of the death of my son * * * leaving him no lawful issue him surviving, then and in that event I give and bequeath the sum of * * * $5,000.00 * * * to Marjory Hoole " [then follow twelve similar gifts of specified sums to named persons and institutions, their total aggregating $49,000, the item then continuing]: " and all the rest, residue and remainder of my estate I give and bequeath unto " four named charities " share and share alike."

Testatrix's son died without issue, Marjory Hoole survived the testatrix but predeceased the life tenant, and the questions propounded are as to whether her bequest lapsed, and if so, whether it passes as intestate property or goes to the four final charities in equal shares.

Neither question presents any serious difficulty.

The important point in the determination lies in the fact that the remainder gifts of specified amounts aggregating $54,000 were given *nominatim*, wherefore the rule stated and applied in *Matter of Soy* (143 Misc. 217, at pp. 220, 221) becomes applicable on the authority of the seventeen precedents there cited. (See, also, *Matter of Stutzer*, 156 Misc. 684.) The interests of the named beneficiaries must be deemed to have vested subject only to the specified divesting condition that testatrix's son, the life tenant, died leaving issue. *Matter of Woodruff* (135 Misc. 203, 208) is directly in point. (See, also, *Matter of Davison*, 134 Misc. 769, 772, 773; affd. on opinion of this court, 230 App. Div. 867; *Matter of Frank*, 153 Misc. 688, 691; *Matter of Jurgens*, Id. 118, 120; *Matter of Smallman*, 141 id. 796, 800, 803; *Matter of Wickham*, 139 id. 729, 731; *Matter of Rowland*, Id. 335, 337; *Matter of Ackerman*, 137 id. 910, 914; *Matter of Myers*, Id. 868, 871; *Matter of Balsamo*, 136 id. 113, 115.) Since this sole condition on complete vesting was a condition subsequent (*Matter of Burling*, 148 Misc. 835, 841; *Matter of Leonard*, 143 id. 172, 175, 176), which never occurred, the estates acquired were for all purposes identical with any estate which fully vested at the death of the testatrix.

It follows, therefore, that the benefit given by the will to the vested remainderman in question is, in consequence of her death, payable to her personal representatives. (*Flynn* v. *McDermott*, 183 N. Y. 62, 67; *Sterritt* v. *Lee*, 44 App. Div. 619, 620; *Berkeley* v. *Kennedy*, 62 id. 609; *Walter* v. *Walter*, 60 Misc. 383, 393; affd., 133 App. Div. 893; affd., 197 N. Y. 606; *Palmer* v. *Green*, 63 Hun, 6, 7; *Matter of Brown*, 135 Misc. 611, 614.)

Since by reason of the manner of determination of the first question, the second has become academic, it will not be decided. (*Matter of Mount*, 185 N. Y. 162, 170; *Matter of Franklin Trust Co.*, 190 App. Div. 575, 577; *Matter of Suydam*, 139 Misc. 845, 846; *Matter of Cohen*, 147 id. 570, 573; *Matter of Innerfield*, 153 id. 706, 711.)

Enter decree on notice.