## In the Matter of the Estate of KATERINA LESHUK, Deceased.

Surrogate's Court, Kings County, November 24, 1936.

*Fred A. Lewis*, for the petitioner Eva Perepesko, as executrix.

*Groberg & Groberg*, for the objectant Alex Leshuk, husband of decedent, under and as administratrix of John Leshuk, deceased son of decedent.

WINGATE, S. The relevant facts in the present controversy are wholly undisputed. On July 4, 1935, the decedent gave birth to a son. Her assets were meagre, consisting, apparently, only of two unimproved parcels of New Jersey real estate of doubtful value and three policies of insurance upon her life, two of which, in the sums of $250 each, were payable to her husband, and one, of $1,500, was payable to her estate.

She appears to have entertained serious misgivings in respect to her recovery, and on July sixth, through the offices of an attorney, executed two documents relating to her temporal affairs. One was a will, which, so far as presently material, read:

" *Second.* I devise and bequeath all of the estate and effects whatsoever both real and personal to my son, who was born on July 4, 1935 and said property is to be held by Eva Perepesko and Joseph Muhulski in trust for him, until he reaches the age of twenty one years when all property is to be turned over to him."

" *Fifth.* I direct that all policies of insurance on my life be paid to Eva Perepesko and that she be the beneficiary of all policies. All moneys collected on said policy are to be used for the proper bringing up of the child, after a reasonable amount is paid to Eva Perepesko for her trouble."

The other document read: " I, hereby, request that all insurance policies in which I am the insured, have the names of the beneficiary changed so that the new beneficiary will be Eva Perepesko of 520 E. 96th Street, Brooklyn."

Whereas the latter instrument appears to have been executed a few moments before the will, the testimony leaves no room for doubt that both were parts of an identical transaction and designed to further a single plan.

The testatrix died three days later, and the Eva Perepesko mentioned qualified as sole executrix. She adopts the somewhat startling position that she is entitled to receive the proceeds of all of the insurance policies in her own right and for her own benefit.

It is conceded that the second document to which reference was made was inadequate for the purpose of effecting a legal change of beneficiaries. The practical effect of this circumstance is, however, negligible, since pursuant to agreement of all parties, the sums due under the several policies have been paid, and are held subject to the determination of this court. In this situation, since no formal contract rights are in issue, there is no inhibition against a disposal of the entire controversy on purely equitable principles. (*Matter of O' Neill,* 143 Misc. 69, 75, 76.)

Since the two documents were executed as parts of a single transaction, they are to be read and construed together for the purpose of determining its essential purpose and effect. (*Rogers* v. *Smith,* 47 N. Y. 324, 327; *Meriden Britannia Co.* v. *Zingsen,* 48 id. 247, 251; *Engineer Co.* v. *Herring-Hall-Marvin Safe Co.,* 154 App. Div. 123, 127; *Alden* v. *Wright,* 175 id. 692, 698; *Baird* v. *Erie Railroad Co.,* 72 Misc. 162, 172; affd., 148 App. Div. 452; affd., 210 N. Y. 225.)

The dominant purpose of the decedent in the acts performed is wholly patent. She desired to assure the proper upbringing and future welfare of her newly-born son. For his benefit she dedicated all her material possessions. These were of two varieties, the proceeds of the insurance on her life, which possessed a tangible, though very modest value; and the unimproved New Jersey real estate concerning which this desperate mother may have entertained hopes of future prospects, although these now appear to have been over optimistic. The former, tangible assets, she directed, " are to be used for the proper bringing up of the child." The latter, she hoped, might furnish a future capital for him on his attaining his majority.

In any event, her intention is wholly patent that her assets of every nature should be dedicated to and used for the benefit of her infant child. The attempted change of named beneficiary in the only assets of tangible value which she possessed was obviously merely for the purpose of facilitating the accomplishment of her object to make every assurance in her power for the care for the child.

The otherwise obvious intent of the decedent to confer no individual benefit in respect to the proceeds of the insurance upon Eva Perepesko is rendered uncontrovertible by the express words of the will by which, after directing their use for the upbringing of the child, she provides that Eva Perepesko shall receive therefrom " a reasonable amount for her trouble."

The purpose in the dual arrangement was obvious. Had the policies been made payable to her estate, her husband, by exercise of his elective rights under section 18 of the Decedent Estate Law, might have been able materially to impair the value of the gift for the benefit of the child. Had they been made payable to the child himself, expense in relation to guardianship proceedings would have been incurred, and the apparent desire to have the child reared under the care of Eva Perepesko might have been thwarted. The testatrix apparently trusted the latter, and the court will see to it that this trust is not abused.

Since the gifts to the child were in all respects absolute with time of enjoyment alone postponed (*Warner* v. *Durant*, 76 N. Y. 133, 136; *Fulton Trust Co.* v. *Phillips*, 218 id. 573, 580, 581; *Matter of Gurlitz*, 134 Misc. 160, 163; *Matter of Sandgren*, 160 id. 784), it follows that since he has now died, the net assets are payable to his estate. (*Flynn* v. *McDermott*, 183 N. Y. 62, 67; *Sterrit* v. *Lee*, 44 App. Div. 619, 620; *Berkeley* v. *Kennedy*, 62 id. 609; *Matter of Hoole*, 156 Misc. 821, 822; *Matter of Byles*, 157 id. 46, 48.)

Enter decree, on notice, in conformity herewith.