In the Matter of the Accounting of JESSIE M. ROTH et al., as Executors of ROBINI F. MERRILL, Deceased, Sole Surviving Trustee under the Will of EDWARD R. MERRILL, Deceased.

Surrogate's Court, Westchester County, June 24, 1946.

*Daly, Bain & Vogel* for petitioners.

GRIFFITHS, S. The primary question presented in this accounting proceeding by the legal representatives of a deceased trustee is whether certain stock in a close corporation comprising the remainder of a trust for the benefit of a daughter, now deceased, must be distributed among the legal representatives of the estates of five deceased children of testator or distribution may be made direct to two grandchildren of testator, even though such remainder interest vested in the five children of testator under the residuary clause of the will. The five children of testator survived their parent but none survived the termination of the aforesaid trust, the beneficiary of said trust having been the last surviving child of testator. It appears that the two grandchildren would now be not only the sole distributees of the testator but are now also the only surviving distributees of any deceased child of the testator. It is asserted that moreover such grandchildren will become entitled to receive such stock under the wills of the two children of testator who longest survived.

The law is well established that where a legatee dies after the testator, distribution should be made to the legal representative of the deceased legatee. (*Flynn* v. *McDermott*, 183 N. Y. 62; *Sterrit* v. *Lee,* 44 App. Div. 619; *Berkeley* v. *Kennedy*, 62 App. Div. 609; *Matter of Kirkman*, 134 Misc. 527; *Matter of Leshuk,* 161 Misc. 228; *Matter of Link*, 173 Misc. 217; *Matter of Merritt,* 260 App. Div. 951, motion for leave to appeal denied 260 App. Div. 1028; *Matter of Elting*, 268 App. Div. 74.) There is always the possibility that a decedent may have left unpaid debts **or**

that there may be estate taxes unpaid which would render payment to the next of kin improper. In rare instances, however, surrogates, as a matter of discretion, have permitted payment to be made direct to the statutory distributees of a deceased nonresident legatee without the appointment of an estate representative. (*Matter of Van Kleeck,* 95 Misc. 40; *Matter of Woodruff,* 135 Misc. 203.) In *Sultan of Turkey* v. *Tiryakian* (162 App. Div. 613, affd. 213 N. Y. 429) it was held that although no legal representative of the deceased legatee had been appointed, the plaintiff was a proper party to maintain an action to recover the proceeds of a specific legacy, where such legatee had died a resident of Turkey, it appearing that under the laws of Turkey the sovereign was entitled to physical control of the assets of a deceased subject and was required by such laws to make distribution pursuant thereto.

In all three cases above cited the legatee had died domiciled in a foreign State or country and no legal representative of such deceased legatee had been appointed. In *Matter of Van Kleeck (supra)* the late Surrogate FOWLER noted that it did not appear that an ancillary representative had been appointed in this jurisdiction, and that it did not affirmatively appear that there were any unpaid debts of the deceased legatee, and permitted payment under such circumstances to the sole distributee of the deceased legatee without the intervention of an ancillary administrator. In *Matter of Woodruff (supra)* Surrogate WINGATE likewise permitted distribution direct to the distributees of a deceased legatee where a husband and son were the only distributees of such legatee under the applicable laws of Alabama, upon proof that the debts and funeral expenses had been paid and that no administration was necessary under such laws, it appearing further that no taxes were due or might become due to the foreign State upon the distribution of such property.

The circumstances herein are not such that the court might permit payment direct to the two grandchildren of testator. Such deceased legatees were residents of this State. The estates of two of the children of testator are now in the process of administration in this court, and payment or distribution should be made to the respective executors of said estates. Although decrees have been made settling the final accounts of the executors under the wills of the other three children of testator, by reason of the deaths of all of such executors there is no legal estate representative now qualified to act in any of

these three estates. And although all legacies, debts, funeral and administration expenses presumably have been paid in full in the three closed estates, it appears that there may be additional estate taxes payable in all five estates which would render a direction for payment improper except through the medium of the respective legal representatives of each estate. Distribution may not therefore be directed except through the legal representatives of the five deceased children of testator.

Section 102 of the Real Property Law, providing for a reverter to the heirs of a decedent as to every legal estate and interest not embraced in an express trust, has no application where such interest is " otherwise disposed of ". And if such section were applicable there would be a reverter to the heirs of the testator as of the date of his death as distinguished from his heirs or distributees at the date of the termination of said trust. (*Pomroy* v. *Hincks,* 180 N. Y. 73; *White* v. *Howard,* 46 N. Y. 144: *Vernon* v. *Vernon,* 53 N. Y. 351.)

Proceed accordingly.