Joseph A. Cox, S.
The application to compel the executors to account and the motion addressed to the petition in such application basically present a question as to the method of making payment of a general legacy bequeathed by the testatrix to a legatee who died a few months subsequent to the appointment of the executors. The bequest is to a person identified in the will as ‘1 Mrs. Greta Sussmann nee Keitel, 23-25 Galgen Gasse, Bothenberg oh der Tauber Bavaria, Germany.” Submitted to the court by both the executors and the petitioner are copies of a certificate of the death of Anna Margarete Susman, born Keitel, who died in Bothenberg oh der Tauber, Galgengasse 23-25 on September 13,1960 and there also are submitted copies of an erbschein or inheritance certificate certifying that the persons for whom the petitioner herein is acting as attorney in .fact are the persons entitled to inherit from Mrs. Susmann. The conformity of the descriptions of the legatee in the will and *797 in the death certificate warrant a finding that each instrument refers to the same person (Layton v. Kraft, 111 App. Div. 842; Young v. Shulenberg, 165 N. Y. 385). The executors suggest that payment of the legacy may be made only to a representative of the estate of the deceased legatee and, since such a representative has not been appointed, the court direct the payment of the legacy into court. It is true that, in most instances, payment of a bequest following the death of the legatee will be made only to a representative of the legatee’s estate but there are instances when payment will be made to the distributees of a deceased nonresident legatee (Matter of Merrill, 188 Misc. 441). This practice has not been restricted by the enactment of section 271-a of - the Surrogate’s Court Act. Under the law of Germany the assets of the deceased legatee would pass directly to her legatees without the necessity of a probate proceeding (Matter of Schrader, 196 Misc. 400, 402) and, in case of her intestacy, a certificate of inheritance issued by a German court would identify her heirs and distributees and establish such persons to be entitled to the possession of her personal property without the appointment of an administrator (Matter of Regensburger, 126 N. Y. S. 2d 849, 851). In view of the established practice of permitting the transmission of assets to the persons entitled to a foreign decedent’s property in the domicile, a practice now sanctioned by section 271-a of the Surrogate’s Court Act., the court is prepared to authorize payment to the petitioner herein, as the representative of the legatee’s heirs or distributees, provided satisfactory proof shall be supplied by affidavit that there are no known creditors of the deceased legatee in this State.